Peter G. Bertling (SBN 131602)
Bertling Law Group
21 East Canon Perdido Street, Suite 204B
Santa Barbara, CA 93101
Telephone: 805-879-7558
Facsimile: 805-869-1597
peter@bertlinglawgroup.com

Attorneys for Plaintiffs
FERNANDO VICTORICA CASTILLO and BETTY JEAN CASTILLO

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO VICTORICA CASTILLO and BETTY JEAN CASTILLO,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES: PERSONAL INJURY BASED ON NEGLIGENCE** |

COMES NOW, Plaintiffs FERNANDO VICTORICA CASTILLO and BETTY JEAN CASTILLO, by and through their counsel, and state as follows:

1. This Court has original jurisdiction under 28 U.S.C. §1346(b) because Plaintiffs' claims are a Federal Tort Claim pursuant to 28 U.S.C. §2671(b), et seq.

2. On or about April 26, 2021, Plaintiffs submitted an Administrative Tort Claim to the U.S. Department of Veterans Affairs ("Department"), as required by 28 U.S.C. §§2401(b) and 2675(a). On May 7, 2021, the Department notified Plaintiffs they received their tort claim on April 28, 2021, and had six (6) months to consider it before they could file suit in Federal District Court.

3. Plaintiffs' claims were denied on December 29, 2021. Plaintiffs have exhausted their administrative remedies as required by 28 U.S.C. §2675(a).

4. Plaintiffs' claims are based on allegations of preventable and inexcusable negligence from April 26, 2019 through May 2, 2019, at the West Los Angeles Veterans Affairs Medical Center ("West Los Angeles VA Medical Center").

5. Venue is proper in this judicial district pursuant to 28 U.S.C.§1402 (b) and 32 CFR §750.32 because it is where the Defendant's negligence occurred.

6. Fernando Victorica Castillo ("Mr. Castillo") is a Vietnam Veteran who served in the Army from March 2, 1971 until March 1,1973. On April 16, 1973, the Veterans Administration ("VA") notified Mr. Castillo he was entitled to necessary treatment by the VA for his service-connected disability of a hiatal hernia.

7. Mr. Castillo was born on February 5, 1951. He married Betty Jean Castillo ("Mrs. Castillo") on October 31, 1970. They have three children: Fernando Jr., born on June 23, 1971; Rachel, born on April 14, 1977; and Troy, born on June 14, 1985.

8. On April 26, 2019, Mr. Castillo underwent a robotic-assisted hiatal hernia repair at the West Los Angeles VA Medical Center. The attending physician was Mark D. Girgis, M.D. The primary surgeon was Shonan Sho, M.D., a general surgery resident. Mr. Castillo was never informed a resident would be performing his surgery. During the surgery, Mr. Castillo's esophagus was torn during use of the electrocautery. He required a gastropexy repair of the esophageal injury.

9. Mr. Castillo met Dr. Girgis in person prior to his April 26, 2019, hernia repair. Based on the representations made by Dr. Girgis during his preoperative consultation, Mr. Castillo put great confidence in Dr. Girgis' expertise and surgical abilities. Mr. Castillo only consented to the surgery because Dr. Girgis told him that he personally, and not a surgical resident, would be performing the surgery. Based on information and belief, Mr. Castillo understands Dr. Girgis did not personally perform his surgery, and it was performed by a surgical resident with far less training and experience in performing robotic-assisted hiatal hernia repairs than Dr. Girgis. If Mr. Castillo knew a surgical resident would be performing the surgery, he would not have consented to the procedure.

10. On May 2, 2019, Dane Jensen Brodke, M.D., intern, Dr. O'Neill, resident, and James S. Tomlinson, M.D., Ph.D., attending, authorized Mr. Castillo's discharge from the hospital even though he reported he could feel his esophageal injury when swallowing; had an increased cough; and was short of breath. Nothing was done at the time of discharge to properly evaluate these complaints, and Mr. Castillo was not scheduled for a follow up appointment until May 13, 2019.

11. On May 3, 2019, Mr. Castillo presented to the Emergency Department at Twin Cities Community Hospital in Templeton, California. He complained of difficulty breathing and severe back pain. He required an IV push of Dilaudid and Toradol to treat his pain. He was admitted to the Hospital and a CT scan with contrast was performed which showed an esophageal leak with extravasation of contrast into the left and right pleural spaces.

12. On May 4, 2019, Gary Strachan, M.D., a general surgeon, consulted with Mr. Castillo. Mr. Castillo informed Dr. Strachan that when he was discharged from the VA Hospital, he reported an increased cough and shortness of breath.

13. Dr. Strachan believed Mr. Castillo needed to be transferred to a higher level of care and would require thoracic surgery to repair his esophagus and drain his pleural cavities. The VA was not able to accept Mr. Castillo's transfer, so he was sent to Stanford University Medical Center ("Stanford") via air ambulance.

14. Mr. Castillo arrived at Stanford on May 4, 2019, at 16:26. He was urgently taken to the operating room where thoracic surgeon, Natalie Lui, M.D., performed (1) an upper endoscopy with esophageal stent placement, (2) laparoscopic feeding jejunostomy and (3) right VATS (video-assisted thoracic surgery) chest washout. Mr. Castillo's condition slowly improved after surgery, but he remained hospitalized until May 30, 2019.

15. Mr. Castillo and his wife, Betty, did not discover Defendant's negligence until after his May 4, 2019, surgery, when they spoke with Dr. Lui, and she expressed

criticisms of the treatment and care Mr. Castillo received at the West Los Angeles VA Medical Center.

16. Mr. Castillo now has chronic dysphagia, and frequently develops esophageal strictures at the site of his esophageal perforation.  These conditions have significantly impacted Mr. and Mrs. Castillo's lives.  They frequently travel to Stanford together where Joo Ha Hwang, M.D., gastroenterologist, performs endoscopic dilations of Mr. Castillo's esophagus.  Dr. Hwang believes Mr. Castillo will experience dysphagia and develop esophageal strictures for the rest of his life.

17. Mr. Castillo has travelled to Stanford numerous times to undergo the endoscopic esophageal dilations performed by Dr. Hwang.  Each of these trips take a minimum of two (2) days out of Mr. and Mrs. Castillo's lives.  They incur travel expenses related to lodging, gas, and food during each of these trips.

18. On December 1, 2020, the California Department of Veteran Affairs issued a decision in which they increased Mr. Castillo's service-connected hiatal hernia disability rating from 30 to 60 percent, effective April 26, 2019.  He was assigned this rating based on material weight loss, substernal pain, vomiting, dysphagia, pyrosis, regurgitation, and symptoms productive of considerable health impairments.  Mr. Castillo has experienced these symptoms since the April 26, 2019, surgery and, according to Dr. Hwang, he will experience them for the rest of his life.

19. Mr. Castillo has developed severe emotional distress as a result of his chronic and debilitating condition.  He has contemplated suicide and even purchased a gun to shoot himself.  He undergoes therapy to help deal with his hopelessness and emotional distress, but he is no longer able to enjoy life as he once did.

20. Mrs. Castillo has become more of a caretaker for her husband since his discharge from the West LA VA Medical Center on May 2, 2019.  Mr. and Mrs. Castillo have not been able to enjoy their retirement as they had hoped because they have been overwhelmed with doing what is necessary to take care for Mr. Castillo.

///

## I.

## FIRST CAUSE OF ACTION – MEDICAL MALPRACTICE

21. Plaintiffs repeat and herein reallege the allegations contained in paragraphs 1 through 20 of this Complaint.

22. As a proximate cause of Defendant's negligence, as aforesaid, Plaintiff has been hurt and injured in his health, strength and activity, sustaining injury to his body, and shock and injury to her nervous system, all of which said injuries have caused and continue to cause Plaintiff great mental, physical and nervous pain, and suffering in connection therewith, all to her general damage in an amount to be proved at trial.

23. As a further, direct, and proximate cause of Defendant's negligence, as aforesaid, Plaintiff has incurred and will in the future incur medical and sundry expenses in the examination, care, and treatment of her injuries. The amount of Plaintiff's past and future medical expenses will be proved at trial.

24. As a further, direct, and proximate cause of Defendant's negligence, as aforesaid, Plaintiff has suffered mental anguish, fright, humiliation, and emotional and physical trauma.

25. As a further, direct, and proximate cause of Defendant's negligence, as aforesaid, Plaintiff has been unable to pursue his vocation, has and will in the future suffer a loss of earnings and has and will suffer a loss of earning capacity in an amount to be proved at trial.

26. As a further, direct, and proximate cause of Defendant's negligence, as aforesaid, Plaintiff has and will in the future incur additional special damages, in amount to be proved at trial.

## II.

## MEDICAL BATTERY

27. Plaintiffs repeat and herein reallege the allegations contained in paragraphs 1 through 26 of this Complaint.

///

28. Mr. Castillo claims that Defendant committed a medical battery on him because he only consented to having a robotic-assisted hiatal hernia repair at the West Los Angeles VA Medical Center if that procedure was performed by Dr. Girgis and not a surgical resident. Nonetheless, the surgery was not personally performed by Dr. Girgis. Instead, without Mr. Castillo's knowledge or consent the surgery was performed by a surgical resident, even though Dr. Girgis assured Mr. Castillo he would personally be performing the procedure. Mr. Castillo would never have consented to having the procedure performed by a surgical resident. He only agreed to have the procedure performed after meeting with Dr. Girgis for a preoperative meeting and being convinced that he was fully competent and experienced in performing a robotic assisted hiatal hernia repair.

## III.

## SECOND CAUSE OF ACTION – LOSS OF CONSORTIUM

29. Plaintiffs Fernando Victorica and Betty Jean Castillo allege that Defendants were the legal (proximate) cause of damages to Plaintiffs.

30. Plaintiffs Mr. and Mrs. Castillo repeat and reallege herein every allegation contained in this Complaint and the First Cause of Action for Medical Malpractice.

31. Mr. and Mrs. Castillo were lawfully married at all times relevant to this action and were husband and wife. As alleged in the First Cause of Action for Medical Malpractice, Mr. Castillo sustained severe injuries and damages as a direct result of Defendants' negligence.

32. As a direct and proximate result of the injuries sustained by Mr. Castillo, his wife, Betty Jean Castillo has been deprived of her husband's companionship, affection, love, sexual relations, and physical assistance in maintaining the family home.

WHEREFORE, Plaintiffs pray for judgment as follows:

1. General damages according to proof;
2. Special damages according to proof;

///

3. Costs of suit as allowed by law; and

4. Such other and further relief as the Court deems proper.

Respectfully submitted,

DATED: June 27, 2022         BERTLING LAW GROUP

*/s/ Peter G. Bertling*
Peter G. Bertling
Attorneys for Plaintiffs
FERNANDO VICTORICA CASTILLO
and BETTY JEAN CASTILLO

- 7 -
**COMPLAINT FOR DAMAGES: PERSONAL INJURY BASED ON NEGLIGENCE**